UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JEFFREY LIPSHIRES; SARA )
DONNELLY; and ANSELMO TONI )
   Plaintiffs, )
)
v. )
) C.A. No. 20-252-JJM-PAS
BEHAN BROS., INC RETIREMENT )
PLAN; BEHAN BROS., INC.; )
MICHAEL J. BEHAN, JR.; and )
WILLIAM P. BEHAN, )
   Defendant. )

MEMORANDUM AND ORDER[1]

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Plaintiffs Jeffrey Lipshires, Sara Donnelly, and Anselmo Toni are retired employees of Defendant Behan Bros., Inc. and former participants in Defendant Behan Bros., Inc. Retirement Plan. They retired on different dates, but all in the year 2018. After the Plan-imposed one-year Break in Service, each sought to withdraw their individual balances from the Plan, asking on January 3, 2019 for a valuation date of December 31, 2019.[2] ECF No. 1 ¶ 44. The Covid-19 pandemic hit

---

[1] The facts of this case are extensive; for the purposes of this motion to dismiss, the Court will keep its recitation of facts to a minimum, including only those necessary to set the stage for its decision.

[2] Plaintiffs had the option of taking their balances before December 31, but the market was up, and they opted to keep their assets in the Plan through the end of the year. They expected a December 31st valuation and specifically allege that John Pursche, the Plan Administrator's email contact person, "represented to Lipshires that a special valuation could not be issued under the terms of the Plan." ECF No. 1 ¶ 41.

in early 2020, causing a substantial downturn in the stock market, which negatively impacted the Plan's assets held in a pooled investment account. Despite Plaintiffs' repeated requests for the payout numbers as of December 31st, the Plan Administrator, through its third-party administrator Abacus, delayed giving them the market valuation until March–when the Covid-19 pandemic had already had a negative impact on the stock market. *Id.* ¶¶ 45-57.

The Plan document gives the Plan Administrator deference to declare a Special Valuation Date in "extraordinary situations" such as where there is "a significant change in economic conditions or Market Value of the Trust Fund." *Id.* ¶ 28. The Plan Administrator opted to set a Special Valuation Date of April 30, 2020 to moderate Plaintiffs' losses. *Id.* ¶¶ 58-61. With the April 30, 2020 payout instead of the December 31, 2019 payout date, Plaintiffs lost a combined $55,000. They appealed the Plan Administrator's decision and it was denied. *Id.* ¶¶ 63-68. They took their 401k distributions without prejudice or waiver of their rights to seek the additional amounts. *Id.* ¶ 80.

Plaintiffs now sue under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* (ERISA) for additional retirement benefits from the Plan representing their respective market losses and for the Plan Administrator's breach of fiduciary duty. All Defendants move to dismiss the complaint, arguing that it fails to state a claim because the pandemic market downturn justified the Special Valuation Date and Plaintiffs' retirement account balances have been paid in full. ECF No. 8. Defendants Michael J. Behan, Jr. and

William P. Behan (the "Trustee Defendants") argue they should be dismissed because they are not proper Defendants. *Id.* For the reasons set forth below, the Court DENIES Defendants' motion.

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *García-Catalán*, 734 F.3d at 103 (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

II. DISCUSSION

Out of the gate, Defendants try to convince the Court to decide what the applicable ERISA denial of benefits standard of review is in ultimately deciding whether Plaintiffs' case survives their motion to dismiss. The caselaw is clear that it is generally a de novo standard, but an arbitrary and capricious standard could apply

3

in cases where the Plan document gives the Plan Administrator deference during economic downturns, which it does in this case. Applying the lesser standard, Defendants argue Plaintiffs' case should be dismissed because they have not pleaded any facts to support that the decision to set a Special Valuation Date in light of the Covid-19 pandemic was arbitrary and capricious.

While the arbitrary and capricious standard may well apply here, the evaluation gets to the merits of Defendants' conduct and the Court must stay true to the motion to dismiss standard where a plaintiff need not prove she can win her case, but need only provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán*, 734 F.3d at 102 (quoting Fed. R. Civ. P. 8(a)(2)). On a motion to dismiss, the Court should not judge whether Defendants in fact acted reasonably as opposed to arbitrarily and capriciously based on their view of the facts. The Court must take the complaint's plausible allegations as true and find that it "contain[s] sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

After reviewing the factual allegations in the complaint, the Court finds that Plaintiffs' complaint sufficiently alleges the two counts–Count I for Wrongful Denial of Benefits and Count II for Breach of Fiduciary Duty such that Defendants' motion to dismiss is denied.

As to Count I, Plaintiffs allege that they requested their 401k distribution valuations as of December 31, 2019 numerous times, ECF No. 1 ¶ 83, Defendants

unreasonably delayed issuing the valuations until March 2020, *id.* ¶¶ 84, 88, 89, and then "preemptively declared a Special Valuation and applied it to reduce Plaintiffs' 401k account distributions." *Id.* ¶ 90. Mr. Lipshires lost $24,458; Ms. Donnelly lost $22,168.85; Mr. Toni lost $7,670.92. *Id.* ¶¶ 92-94. These allegations, among others buttressing them in the complaint, are sufficient to plead a claim under Count I.

As to Count II, Plaintiffs allege that the Trustee Defendants are fiduciaries of the Plan and owed them a fiduciary duty. *Id.* ¶ 115. As fiduciaries of the Plan, they must discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries. *Id.* ¶ 117. Plaintiffs allege that Defendants breached their duties in that their interests may have conflicted with Plaintiffs' because they and several of their family members are also part of the Plan. *Id.* ¶¶ 118, 119. Plaintiffs allege that the Trustees have inconsistently issued Special Valuations and may have declared the Special Valuation Date because paying the Plaintiffs out on the pre-pandemic December 31, 2019 market rate would adversely affect their family's finances. *Id.* ¶¶ 120, 128. In light of these allegations, Plaintiffs have sufficiently pled a breach of fiduciary claim and that Michael and William Behan are proper Defendants to this claim.

Finally, in response to Defendants' argument that Count II should be dismissed because Count I provides an adequate remedy such that Plaintiffs cannot recover on both counts, the Court cannot determine on a motion to dismiss whether Plaintiffs will be able to recover on Count I so it is premature to dismiss Count II as duplicative. Pleading in the alternative is appropriate.

III.   CONCLUSION

For the reasons articulated above, Defendants' Motion to Dismiss is DENIED. ECF No. 8.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

October 2, 2020

6