UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JEFFREY LIPSHIRES; SARA DONNELLY; and ANSELMO TONI<br>   Plaintiffs,<br><br>v.<br><br>BEHAN BROS., INC RETIREMENT PLAN; BEHAN BROS., INC.; MICHAEL J. BEHAN, JR.; and WILLIAM P. BEHAN,<br>   Defendants. | C.A. No. 20-252-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Plaintiffs Jeffrey Lipshires, Sara Donnelly, and Anselmo Toni ("Plaintiffs") filed this suit against Defendants Behan Bros., Inc. Retirement Plan, Behan Bros., Inc., Michael J. Behan, Jr., and William P. Behan ("Defendants") under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* (ERISA), seeking additional retirement benefits representing their respective market losses. Before the Court is Defendants' Motion for Summary Judgment. ECF No. 16. Because it finds that there are no disputed issues of material fact weighing in favor of Plaintiffs' claims, the Court GRANTS Defendants' motion.

I.   **FACTS AND BACKGROUND**

Jeffrey Lipshires, Sara Donnelly, and Anselmo Toni are retired employees of the Defendant Behan Bros., Inc. and former participants in Defendant Behan Bros., Inc. Retirement Plan ("The Plan"). All three former employees retired in 2018.

The Plan Administrator retained Abacus Benefit Consultants, Inc. ("Abacus"), as a third-party advisor to the Plan. Abacus prepares individual account valuations following the end of each Plan Year. Historically, these valuations have taken between two to eight months to deliver.

The Plan requires participants to reach a 1-Year Break in Service, after which the retiree can request a lump sum distribution of their 401k accounts. In this case, Plaintiffs elected not to take their 401k account distributions during 2019, deciding to wait until the year-end December 31, 2019 valuation.

Around the same time, the COVID-19 pandemic began to wreak havoc around the world. Not only did millions of people become sick, but it also led to unprecedented volatility in the financial markets, causing a substantial downturn in the stock market. Because the Plan is a 401k profit sharing plan and its assets are held in a pooled investment account, it was negatively affected by the stock market downturn.

Before the devastating effects of COVID-19 were truly known, each Plaintiff sought to withdraw their individual balances with a December 31, 2019 valuation date. As the stock market plummeted, they continued to request a December 31, 2019 valuation date but were told that Abacus would prepare those valuations by approximately mid-March within its customary response time. In response to the extreme stock market dips, the Plan Administrator decided to implement a Special Valuation Date ("SVD") of April 30, 2020, instead of the requested December 31, 2019 date. The Plan Administrator has the sole discretion to declare an SVD in

"extraordinary circumstances" such as where there is "a significant change in economic conditions or Market Value of the Trust Fund." Plaintiffs lost a combined $55,000 because of the implementation of the April 30, 2020 SVD as opposed to the December 31, 2021 date they sought.

Plaintiffs appealed the Plan Administrator's decision and were denied. In denying the appeal, the Plan Administrator explained that it could not distribute any benefits until Abacus issued its year-end account valuations on March 24, 2020. The Plan Administrator reflected that "[b]y March 16, 2020, it was evident that equity markets were down significantly from December 31, 2019, levels. The Dow Jones Industrials had dropped by more than 29%. The Plan's advisors recommended scheduling a Special Valuation Date in response to recent market volatility. The fiduciary duties of the Plan Administrator (Behan Bros. Inc.) run to the participants and beneficiaries of the Plan as a whole. ERISA, §404, 29 U.S.C. §1104. The Plan Administrator determined that in the interest of Plan participants a Special Valuation Date should be declared in order to recognize recent market changes and treat all Plan participants equitably." ECF No. 17 ¶ 31.

Post appeal, Plaintiffs took their 401k distributions without prejudice or waiver of their rights to seek additional amounts. They filed this suit alleging two claims – one under ERISA, seeking additional retirement benefits from the Plan representing their respective market losses and the second for breach of fiduciary duty. All Defendants moved to dismiss the complaint, which this Court denied. ECF

No. 14. After discovery on Plaintiffs' claims, all Defendants now ask the Court to dismiss this case on summary judgment. ECF No. 16.

## II. STANDARD OF REVIEW

When ruling on a motion for summary judgment, the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the non-moving party. *Continental Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). "Granting summary judgment is appropriate if the moving party 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." *Ingram v. Brink's, Inc.*, 414 F.3d 222, 228-29 (1st Cir. 2005). "In the summary judgment context, 'genuine' has been construed to mean 'that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.' Similarly, a fact is 'material' if it is 'one that might affect the outcome of the suit under the governing law.'" *Enica v. Principi*, 544 F.3d 328, 336 (1st Cir. 2008) (citations omitted).

## III. ANALYSIS

### A. ERISA Standard of Review

In the confines of the summary judgment standard of review, the Court must apply an ERISA standard of review. Post-argument, it does not appear that the parties disagree on what standard of review this Court should apply to this denial of benefits claim challenged under ERISA § 1132(a)(1)(B). Both agree that an arbitrary and capricious standard is appropriate where "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Leahy v. Raytheon Co.*, 315 F.3d 11, 15 (1st Cir. 2002).

In this case, the Plan gives the Plan Administrator vast discretionary authority. The Plan states that it "has the authority to make factual determinations, to construe and interpret the provisions of the Plan, to correct defects and resolve ambiguities in the Plan and to supply omissions to the Plan. Any construction, interpretation or application of the Plan by the Plan Administrator is final, conclusive and binding." ECF No. 1-1 at 10. The document also gives the Plan Administrator "sole discretion" to declare an SVD. ECF No. 1-1 at 7. The Plan gives the Plan Administrator clear authority and discretion to interpret the Plan so the Court will apply an arbitrary and capricious standard of review.[1]

---

[1] Plaintiffs argue that this scenario presents a conflict of interest in that the Plan Administrator, the Behan Bros., is linked to Defendants Michael and William Behan who own 60% of the Plan assets and act as fiduciaries. This conflict-of-interest weighs in favor of enhanced scrutiny of the Plan Administrator's decisions. The case law does advise that courts can consider whether a conflict exists in deciding what

5

A "hallmark of such review [is] that 'a court is not to substitute its judgment for that of the [decision-maker].'" *Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir. 1998) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "[I]n the ERISA context, it has been stated that under the arbitrary and capricious standard, 'a fiduciary's interpretation of a plan will not be disturbed if reasonable.'" *Terry*, 145 F.3d at 40 (quoting *DeWitt v. Penn–Del Directory Corp.*, 106 F.3d 514, 520 (3d Cir. 1997)).

### B.   COUNT I - § 1132(a)(1)(B) claim

Plaintiffs claim that their request for distribution valued as of December 31, 2019, was wrongfully denied when the Plan Administrator chose an SVD in response to pandemic related market volatility. They claim the payments that issued, based on the SVD of April 30, 2020, were in aggregate approximately $55,000 less than the value of the three Plaintiffs' accounts on December 31, 2019, the traditional year-end valuation date of the Plan.

Using the arbitrary and capricious standard, the Court considers only "whether the aggregate evidence, viewed in the light most favorable to the non-moving party, could support a rational determination that the plan administrator acted arbitrarily in denying the claim for benefits." *Leahy*, 315 F.3d at 18.

---

level of deference an administrator's decisions deserve. *See Firestone*, 489 U.S. at 115; *Wright v. R.R. Donnelley & Sons Co. Grp. Benefits Plan*, 402 F.3d 67, 74 (1st Cir. 2005). But the United States Supreme Court held more recently that a conflict of interest does not elevate the standard of review to *de novo*; it is something to consider when examining a Plan Administrator's actions were arbitrary or capricious. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 116 (2008).

6

The Plan grants discretion to the Plan Administrator to declare an SVD in "extraordinary situations." ECF No. 1-1 at 7. Therefore, the Court must decide whether the Plan Administrator's decision to issue an SVD on April 30, 2020 was reasonable under the circumstances. The market in the first quarter of 2020 was extraordinarily volatile due to the Covid-19 crisis. The Plan Administrator chose to set an SVD after consulting with Abacus, whose ERISA counsel said it was a "prudent fiduciary decision." Choosing April 30, 2020 was reasonable because that date allowed the market to recover, allowing Plaintiffs' accounts to come back from the pandemic market low. It was also reasonable because setting a December 31, 2019 valuation date as Plaintiffs requested would have imposed an increased financial burden on non-departing Plan participants while setting an April 30, 2020 SVD subjected the departing Plan participants to only an 8.33% loss of their account values. Moreover, the undisputed evidence shows that the four-month delay should have been reasonably expected; it typically took Abacus ten or more weeks after the end of the Plan Year to provide year-end account valuation data. ECF No. 17 ¶ 12.[2]

Given the extraordinary economic circumstances that came about because of the pandemic, the Court finds that the Plan Administrator had the sole discretion to implement an SVD and its selection of April 30, 2020 was neither arbitrary nor capricious and was reasonable because of the drastic market fluctuations. Abacus' time frame for issuing the year-end valuation was typical and reasonable.

---

[2] There is no evidence that Plaintiffs ever objected to any delay in the year-end account valuation paperwork.

Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment as to Count I.

### C.  COUNT II – BREACH OF FIDUCIARY DUTY

Defendants also move for summary judgment on Plaintiffs' claim for breach of fiduciary duty, arguing that because they seek only money damages in the form of additional Plan benefits, they are limited to that as a remedy and cannot seek relief through another claim. *LaRocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002) ("if a plaintiff can pursue benefits under the plan pursuant to [§1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§1132(a)(3)]."). They also argue that the claim should fail on the merits because the Plan Administrator acted reasonably in setting the April 30, 2020 SVD and thus did not breach its fiduciary duty.

The Court agrees with Defendants on both points. There is no dispute that Plaintiffs seek no relief other than money. As such, they are limited to their claim in Count I. Moreover, because the Court has found that the Plan Administrator did not act arbitrarily or capriciously, there was no breach of any fiduciary duty. The Court dismisses Count II.

### IV.  CONCLUSION

For the reasons articulated above, the Court GRANTS Defendants' Motion for Summary Judgment. ECF No. 16.

8

